Filed 4/12/21  P. v. Spencer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JULIE LYNN SPENCER,<br><br>　　Defendant and Appellant. | D078136<br><br><br>(Super. Ct. No. SCE257643) |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In March 2007, a jury convicted Julie Lynn Spencer of second degree murder (Pen. Code,[1] § 187, subd. (a)); robbery with the use of a knife (§§ 211, 12022, subd. (b)(1)); attempted arson (§§ 664 & 451, subd. (a)); cruelty to an adult with great bodily injury (§§ 368, subd. (b)(1) & 12022.7, subd. (c));

---

[1]    All further statutory references are to the Penal Code.

caretaker theft (§ 368, subd. (e)); false imprisonment of a dependent adult (§ 368, subd. (f)); and two counts of forgery (§ 470, subd. (d)). Spencer was sentenced to an indeterminate term of 15 years to life plus two years in prison.

Spencer appealed and this court affirmed her conviction in an unpublished opinion. (*People v. Spencer* (July 31, 2008, D051183) [nonpub. opn.].)

In 2019, Spencer filed a form petition for resentencing under section 1170.95. The trial court appointed counsel, received briefing from the parties, reviewed the record of conviction and considered this court's prior opinion. After reviewing the material, the court found the record established Spencer acted alone and was the actual killer of the victim. The court found Spencer had not demonstrated a prima facie case for relief under section 1170.95 and denied Spencer's petition for resentencing.

Spencer filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal and asks the court to review the record for error as mandated by *Wende*. We offered Spencer the opportunity to file her own brief on appeal, but she has not responded.

## STATEMENT OF FACTS

The facts of the offenses are fully set forth in our prior opinion. Appellate counsel has included a summary of the facts from our opinion. We incorporate it here for convenience.

On December 10, 2005, Spencer attacked Parks in his mobile home. She punched and kicked him, cut him, bound him with a vacuum cord and

attempted to set fire to Parks and his mobile home. Spencer took both of Parks's hearing aids and all of his telephones.

Because of his injuries and the removal of the phones, Parks was unable to summon help. He was able to crawl into bed and the next morning he was able to crawl to his car and drive the short distance to his neighbor in order to get help.

Parks suffered four facial fractures, a broken rib, lacerations on his hand and ear and multiple bruises over his body. He was taken to the hospital where he remained until he stabilized. Parks was then sent to a nursing home. After a short time his condition deteriorated, and he was returned to the hospital. He was returned to the nursing home on January 3, 2006, and died there four days later.

The medical examiner testified that Parks died as a result of the injuries inflicted on him on December 10, 2005, together with his pre-existing condition. The examiner concluded that the injuries inflicted on Parks were significant and life threatening to him given his pre-existing condition. The examiner denied that any injuries that may have been caused by a fall from his wheelchair at the nursing home acted as an intervening cause of death.

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified the following possible issue which was considered in evaluating the potential merits of this appeal: Did the court improperly conclude Spencer was statutorily ineligible for relief pursuant to section 1170.95 because she was the actual killer?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Spencer on this appeal.

DISPOSITION

The order denying Spencer's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DO, J.

4